NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-2402

IN RE APPLICATION OF STEINBERG.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Application of Steinberg*, Slip Opinion No. 2021-Ohio-2402.]

*Attorneys—Character and fitness—Applications to register as a candidate for admission to the practice of law and as a candidate to take the Ohio bar exam—Applicant failed to establish present character, fitness, and moral qualifications by clear and convincing evidence—Applications disapproved.*

(No. 2021-0198—Submitted April 28, 2021—Decided July 20, 2021.)

ON REPORT by the Board of Commissioners on Character and Fitness of the Supreme Court, No. 785.

_____

**Per Curiam.**

{¶ 1} Applicant, Bradley Mark Steinberg, of Shaker Heights, Ohio, is a 1995 graduate of what is now Western New England University School of Law.

In October 2019, he applied to register as a candidate for admission to the practice of law in Ohio and to take the February 2020 Ohio bar exam.

{¶ 2} Two members of the Cleveland Metropolitan Bar Association's admissions committee interviewed Steinberg in January 2020 and recommended that his application be denied. Steinberg appealed that recommendation to the bar association's seven-member appeals subcommittee, which voted to approve his character, fitness, and moral qualifications to practice law in Ohio. Citing concerns regarding Steinberg's employment history, a domestic violence charge in 2018, and multiple traffic violations, the Board of Commissioners on Character and Fitness exercised its sua sponte investigatory authority pursuant to Gov.Bar R. I(12)(B)(2)(e).

{¶ 3} A three-member panel of the board conducted a hearing on December 9, 2020. After considering the evidence, including the testimony of Steinberg and two character witnesses, the panel issued a report concluding that Steinberg had failed to present clear and convincing evidence that he currently possesses the requisite character, fitness, and moral qualifications to practice law in Ohio. The panel recommended that his pending applications be denied and that he be permitted to reapply no earlier than August 15, 2022. The board adopted the panel's report and recommendation.

{¶ 4} For the reasons that follow, we deny Steinberg's application and will permit him to reapply for admission to the Ohio bar no earlier than August 15, 2022.

**Facts**

{¶ 5} The board has identified five issues that raise significant concerns regarding Steinberg's honesty and judgment and his ability to conduct himself in a manner that engenders respect for the law and the profession, namely (1) the suspension of Steinberg's Massachusetts law license, (2) his erratic employment

history, (3) a 2018 charge of domestic violence, (4) his extensive record of traffic violations, and (5) his neglect of his financial responsibilities.

{¶ 6} Steinberg was admitted to the practice of law in Massachusetts in 1995, but he never practiced law in that state. His Massachusetts license was administratively suspended in March 1997 based on his failure to pay his annual registration fee. That suspension remained in effect in May 2020, and a letter from the Board of Bar Overseers of the Supreme Judicial Court of Massachusetts showed that he would have to pay fees of approximately $6,000 to be reinstated. At his December 2020 character-and-fitness hearing, Steinberg testified that his license had been reinstated, but he did not offer any documentary evidence to support that claim.

{¶ 7} Since graduating from law school in 1995, Steinberg has worked for at least six companies. He was also self-employed from June 2002 through October 2012, when he owned and operated a number of fitness facilities. With the exception of that ten-year period of self-employment, Steinberg has had a sporadic work history that demonstrates professional instability. And by his own account, Steinberg has been laid off twice, was involuntarily terminated on one occasion, and was once permitted to resign in lieu of termination.

{¶ 8} The board also expressed concern about domestic violence charges and a civil protection order issued against Steinberg following a July 2018 argument with his then-girlfriend after they had been drinking. Both Steinberg and his girlfriend called the police and gave differing accounts of what had happened. At his character-and-fitness hearing, Steinberg testified that his girlfriend had pushed him down the stairs of their home and that the police had arrested him because his girlfriend had a small cut over her eye. Steinberg was charged with domestic violence and pleaded guilty to a reduced charge of criminal mischief.

{¶ 9} Steinberg's girlfriend also obtained an ex parte civil protection order against him and filed a petition for a domestic-relations civil protection order. In that petition, she averred that Steinberg had physically and verbally abused her, including an instance of "hav[ing] been choked and thrashed into a dresser" causing bruises to her head, arms, and chest and another injury that required stitches. She also reported that Steinberg had "physically gone after one of [her] children" and that he had disrupted the household with "violent screaming waking [her] children on many days." The petition was dismissed a year later upon the expiration of the ex parte civil protection order.

{¶ 10} In addition, the board noted that Steinberg has an extensive traffic record consisting of 17 violations—most of which were for speeding. The board was troubled by Steinberg's explanation that his issues with speeding were "nebulous" because people routinely violate speed limits and the police have wide discretion regarding when to enforce the speed-limit laws. The board did note that Steinberg has attempted to remedy the issue by using cruise control settings, even when driving on city streets.

{¶ 11} The board also had grave concerns related to Steinberg's neglect of his financial responsibilities. Steinberg testified that when he graduated from law school in 1995, his student-loan debt was approximately $50,000. In the 25 years since Steinberg graduated, however, that debt has *increased* and is now over $80,000. Although Steinberg testified that his payments on the loan were current, he did not provide any documentation to show that he was current with any given payment plan or offer any explanation as to why the balance was increasing.

{¶ 12} On his registration application, Steinberg disclosed that he had filed for bankruptcy in August 2015 and that his debts were discharged in December 2015, but he claimed to have no record of the amount of the discharged debt. During his character-and-fitness hearing, Steinberg testified that he had only agreed to file for bankruptcy to appease his ex-wife when they filed for

divorce. He estimated that less than $100,000 in debt had been discharged in the bankruptcy proceeding—though he presented no other evidence to support that figure.

{¶ 13} Steinberg exhibited a similar lack of knowledge regarding a 2011 state tax lien and the debt underlying a 2013 civil action filed by American Express, which was later dismissed for lack of service. He testified that the tax debt had been paid some years earlier but that he and his ex-wife were unaware that they were responsible for filing a notice of satisfaction. While he submitted proof that the lien was satisfied as of February 2020, he offered no evidence regarding the amount of the underlying debt or when it was paid. And while Steinberg believed that the American Express debt was related to one of the fitness franchises he had owned years ago, he denied that it remained outstanding and testified that the records had been destroyed.

{¶ 14} The board acknowledged that Steinberg submitted two character letters and the testimony of two character witnesses. One of the character letters was from an attorney and personal friend of 25 years who had represented Steinberg in various business matters and reported that Steinberg had always treated others honestly, ethically, and respectfully. The other letter was from a friend of one and one-half years who praised Steinberg's reliability, leadership, and strong sense of community service and opined that he would be an "ethical and honest lawyer and an asset to the legal community."

{¶ 15} At the character-and-fitness hearing, Ray Leach testified that he had employed Steinberg from approximately 1995 to 2000 and had kept in touch with him since that time. He stated that Steinberg has a good work ethic and is honest, trustworthy, and intelligent. Attorney Deanna DiPetta testified that she met and befriended Steinberg at one of his fitness facilities and that she also knew his ex-wife and the former girlfriend who had accused him of domestic violence. DiPetta stated that she had never observed Steinberg act explosively in anger, and

she opined that he possesses the necessary qualities to be a member of the Ohio bar.

**Disposition**

{¶ 16} An applicant for admission to the Ohio bar bears the burden of proving "by clear and convincing evidence that the applicant possesses the requisite character, fitness, and moral qualifications for admission to the practice of law." Gov.Bar R. I(13)(D)(1). An applicant may be approved for admission if the applicant satisfies the essential eligibility requirements for the practice of law as defined by the board and demonstrates that "the applicant's record of conduct justifies the trust of clients, adversaries, courts, and others." Gov.Bar R. I(13)(D)(3).

{¶ 17} "A record manifesting a significant deficiency in the honesty, trustworthiness, diligence, or reliability of an applicant may constitute a basis for disapproval." *Id.* In determining whether the record demonstrates such a deficiency, we consider a number of factors identified in Gov.Bar R. I(13)(D)(3), including a pattern of disregard of the laws of this state or another state, the failure to provide complete and accurate information concerning the applicant's past, the neglect of financial responsibilities, and the neglect of professional obligations. *See* Gov.Bar R. I(13)(D)(3).

{¶ 18} In assigning weight and significance to an applicant's conduct, we also consider the age of the applicant at the time of the conduct, the recency of the conduct, the reliability of the information concerning the conduct, the seriousness and cumulative effect of the conduct, evidence of rehabilitation, the candor of the applicant in the admissions process, and the materiality of any omissions or misrepresentations. *See* Gov.Bar R. I(13)(D)(4).

{¶ 19} Here, Steinberg has neglected his professional obligations in Massachusetts, resulting in the suspension of his license to practice law in that state since 1997. He has demonstrated a pattern of disregard for the traffic laws

of several states, and his recent criminal-mischief conviction and related civil protection order reflect a disregard for the health, safety, and welfare of others. His 2011 state tax lien, 2015 bankruptcy filing, and the significant increase in his student-loan obligations suggest that he has also neglected his financial responsibilities. But he has failed to provide complete and accurate information about those matters that would allow this court to determine both the extent of that neglect and whether he has taken sufficient action to remedy it. Steinberg has also exhibited a disturbing tendency to blame others—including his ex-wife, a former girlfriend, and the police—for his behavior. On these facts, we agree that Steinberg has failed to prove that he currently possesses the requisite character, fitness, and moral qualifications for admission to the practice of law in Ohio.

{¶ 20} Accordingly, we adopt the board's report and disapprove Steinberg's pending registration and bar exam applications. Steinberg shall be permitted to reapply for admission to the Ohio bar no earlier than August 15, 2022. Costs are taxed to Steinberg.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, STEWART, and BRUNNER, JJ., concur.

DONNELLY, J., not participating.

————————————

Montgomery Jonson, L.L.P., and George D. Jonson, for the applicant.

Kelli K. Perk, for the Cleveland Metropolitan Bar Association.

————————————